UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JEAN PAUL GAMARRA,

                Plaintiff,

    -against-

SUPERVISOR PAUL,

               Defendant.
---------------------------------------------------------------------X

FILED
CLERK
5:26 pm, Sep 16, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
24-CV-6167(GRB)(ST)

**GARY R. BROWN, United States District Judge:**

Before the Court is the application of *pro se* plaintiff Jean Paul Gamarra ("Gamarra" or "Plaintiff") to proceed *in forma pauperis* ("IFP") filed together with a three-page handwritten document entitled "Laymenterm Complaint." *See* Docket Entry "DE" 1-2. Upon review of Plaintiff's submissions, the Court finds that he is qualified by his financial position as reported in his IFP application to proceed without prepayment of the filing fee. Accordingly, the application to proceed IFP (DE 2) is granted. However, for the reasons that follow, the Court finds that Plaintiff has not alleged a plausible claim and the complaint is thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## BACKGROUND

### I. Procedural History

Plaintiff is no stranger to this Court. By Order dated November 4, 2021, this Court accepted the transfer of jurisdiction request from the United States District Court for the District of Columbia under Eastern District of New York criminal docket number 21-CR-00556 wherein Gamarra is the defendant. *See* 21-CR-00556, DE 2. Gamarra had been convicted in the District of Columbia of Threats Against the President in violation of 18 U.S.C. § 871 and Threatening and Conveying False Information Concerning the Use of an Explosive in violation of 18 U.S.C. § 844(e) and was sentenced in the District of Columbia on October 14, 2021 to time served with

three years' supervised release in addition to a special assessment fee. (*Id*. at DE 2 at 2.) Given that "Gamarra has minimal ties to the Washington, DC area, was raised in New York, and has resided with his ex-wife and children in Copaigue, New York since his release to bail supervision [] in August 2020", together with the fact that he "is currently supervised in the EDNY, [and] has no intention to return to the District of Columbia", a request was made to transfer jurisdiction of the supervised release to this Court. (*Id.*) Additionally, the following special conditions of supervised release were imposed: "1) Stay away from the area around the White House; 2) Avoid contact with parties under the protection of the Secret Service; 3) participate in mental health treatment; 4) Comply with mental health medications; and 5) Cooperate with Secret Service as instructed." (*Id.*) Since the November 3, 2021 acceptance jurisdiction over the supervised release, this Court has held several conferences with the most recent on May 2, 2023. (*See* 21-CR-556 at DE 16, 19, 23-24, 26, 29.)

## II.     The Complaint[1]

On August 29, 2024, Gamarra filed a three-page handwritten document entitled "Laymenterm Complaint" with an additional four pages of exhibits.[2] The submission is difficult to comprehend. The caption reflects that the defendant is "Supervisor Paul" and in its entirety, Gamarra alleges:

> Biven tort 362 § 540
>
> Honorable Brown, the Plaintiff is filing to Exparte criminal court malpractice of Sentancing Guidelines that was Illeugally Arraigned a 8th Amendment contortion

---

[1] Excerpts from the complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[2] The exhibits consist of: (1) a copy of 18 U.S.C. §§ 1516-1518(a); (2) an excerpt from an unidentified source concerning hearsay exceptions with a handwritten notation that reads: "The victim requested help from criminal activity defining men rea diminish capacity from criminal activity committed by the criminal affecting the victim"; and (3) a JS 44 Civil cover sheet form. (*See* DE 1 at 4-7.)

criminal Habius corpus from the Superior Court for the DC court district jurisdiction. The case being filed is to start a Official Internal investigation when the Court is Entitled by Honor's Jurisdiction for the US Marshal to Enforce the Entitle Jurisdiction title 18 § 1518. The Defendant was given Admissable Creditable Evidence of a Falsfied Court order, that the Plaintiff Has the 2nd Fraudulent Court order. The case the Plaintiff is requesting is to do a full investigation to find the Admissable Just cause Evidence the Defendant Admitted on His Own Admission that He lost it in from of his Ranking US marshal Agency Official. The Illegal Just Cause Admissable Evidence for the Sentancing Guide Line UnJust conviction with Evidence Defendant Lost is the same criminal Fraudulent Jurisdiction.

The Internal Investigation is to Retain all the Lost Evidence to the US marshal Agency Detective Jurisdiction of Fed. R. Crim. P. 8.

The Civil Case Attorney Prose with Council Request is to Entitled the Civil Jurisdiction to your Honor's Private Chamber for the US Marshal Agency to Have Detective Jurisdiction Persay. Also Before the US Marshal Agency Enforce Jurisdiction, Honorable Sir must Entitle the Jurisdiction to Enforce First for Your honor to have Fiduciary Judicial Constitution Officer Private Chamber Jurisdiction.

Your Honor, without transferring 1 case to Another, please Entitle Informa Pauris Jurisdiction to Also Provide Entitled Payment to All the Law Official to pay them, plus pay Plaintiff child support since (Gamarra vrse Oboma 2014 FDC).

[Gamarra's signature]

Citation on Copy 1 Copy 2.

Plaintiff Manadamus Exparte RJI

Prisoner Petititions

The JS 44  540 mandamus is to start a case to Expart the Criminal Malipractice Sentancing Guidline Issued From the Treasonist DC Municipality to the Federal DC Court, called the DC Superior Court Criminal Federal Attorney Malpractice.

The Litigation Appellate Attorney Disclosure Pro Se with ineffectiveness Assistance of Council from proprietary case unnoted is, the Illegal Habeas Corpus of Malpracticing Mandamus is illegagally possed on Plaintiff using the Federal Bar/Jurisdiction, Docket, or other Law Court that should Not Have Jurisdiction to Plaintiff personal space, Home, Business venture, Children, Family, Officer of the Law that do want to Enforce the Law when the Judicial Constitution officer

3

Honorable Brown Entitled the Jurisdiction to Enforce.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). Upon review of Plaintiff's IFP application (DE 2), the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. Accordingly, the application to proceed IFP is granted and the Court next turns to the merits of the complaint.

### I. Sufficiency of the Pleadings

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has

4

acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

### I. The Complaint Fails to Allege a Plausible Federal Claim

Though difficult to comprehend, it appears that Plaintiff seeks to pursue a civil rights claim pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against the sole defendant, "Supervisor Paul". (Compl., DE 1 at 1.)[3] "A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against [individual] federal officials who have violated their constitutional rights," *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007), and "is the federal analog to suits brought against state officials under [§ 1983]." *Iqbal*, 556 U.S. at 675. A *Bivens* claim requires that the plaintiff show the defendant's personal involvement in the alleged constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

---

[3] Plaintiff wrote "Biven tort 362 § 540" which the Court understand to reference the Nature of Suit Codes on the JS 44 Civil Cover Sheet. Indeed, Plaintiff has included that form as an exhibit to his complaint and has checked the boxes for "362 Personal Injury-Medical Malpractice" and "540 Mandamus & Other". (*See* DE 1 at 6.)

5

violated the Constitution."); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."). Further, the Supreme Court has expressly held that "a *Bivens* cause of action may not lie where, as here, national security is at issue." *Egbert v. Boule*, 596 U.S. 482, 494 (2022).

Here, as is readily apparent, Plaintiff has not alleged a plausible *Bivens* claim. Indeed, although Plaintiff names "Supervisor Paul" as the sole defendant, he is not at all mentioned in the body of the complaint nor are there any allegations of conduct or inaction attributable to him. (*See* Compl., DE 1 *in toto*.) "'Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.'" *Dean v. Annucci*, No. 22-CV-0746, 2023 WL 2325074, at *6 (N.D.N.Y. Mar. 2, 2023) (quoting *Cipriani v. Buffardi*, No. 06-CV-889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007). Where a Section 1983 or *Bivens* claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

Nor has Plaintiff adequately alleged the deprivation of some constitutional right. Although Plaintiff includes "8th Amendment" in his complaint, his scant allegations make it impossible for the Court to analyze any such claim. As the Supreme Court made clear, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, Plaintiff's reference to 18 U.S.C. § 1518, which proscribes acts to

6

obstruct the communication of certain information to criminal investigators of health care offenses, does not provide a basis to impose liability against the defendant. This criminal statute does not provide a private right of action.  *Garay v. United States Bancorp*, 303 F. Supp.2d 299, 303 (E.D.N.Y. 2004) (obstruction of justice is a criminal matter for which there is no private cause of action) (citations omitted); *see also Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (criminal statutes do not provide private causes of action).

Thus, even upon a liberal construction, the Court cannot reasonably discern a plausible federal claim.  Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## II.     Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 sets forth the "General Rules of Pleading" and provides, in relevant part: "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; . . . ." FED. R. CIV. P. 8(a)(2). "'[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *McCray v. Lee*, 963 F.3d 110, 116 (2d Cir. 2020) (quoting *Erickson*, 551 U.S. at 93 (internal quotation marks and citations omitted)); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Indeed, the purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an

adequate defense and determine whether the doctrine of *res judicata* is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted).  A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Importantly, *pro se* pleadings are not exempt from the notice requirements of Rule 8, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004), and must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93 (internal quotation marks and citation omitted). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Further, Rule 8 requires that a pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a)(3). When a complaint fails to satisfy the Rule 8 pleading standard, including a demand for relief, a district court may dismiss the complaint *sua sponte. See, e.g., Rodriguez v. Nassau Cnty. Police Dep't*, No. 18-CV-00203, 2018 WL 2725421, at *2 (E.D.N.Y. June 6, 2018) (*citing France v. Nassau Cty. Jail*, 14-CV-2547, 2014 WL 1871937, *5 (E.D.N.Y. May 6, 2014) (dismissing *pro se* complaint that, *inter alia*, did not seek any relief)).

Here, even upon a liberal construction, it is readily apparent that Plaintiff's complaint does not comport with Rule 8's requirements. The vague and scant allegations do not provide Defendant with fair notice or demonstrate that Plaintiff is entitled to relief.

Thus, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### III.   State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint.

### III.   Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin*, 861 F.2d at 42; *see also In re McDonald*, 489

U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.").

In an abundance of caution and in light of Plaintiff's *pro se* status, the Court grants leave to file an amended complaint within thirty (30) days from the date of this Memorandum and Order. Any amended complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Memorandum and Order, 24-CV-6167(GRB)(ST), and shall include any and all claims against any defendant from whom Plaintiff seeks relief. Because an amended complaint completely replaces the original complaint, Plaintiff shall include the nature of the claims, facts in support thereof, and a demand for relief. To be clear, Plaintiff shall include conduct or inaction attributable to any individual so named as a defendant. Plaintiff would be well-advised to comply with the numbered paragraphs requirement embodied in Federal Rule of Civil Procedure in any amended complaint.[4] Plaintiff is on notice that judgment shall enter and this case will be closed unless he timely files an amended complaint.

## CONCLUSION

Based on the foregoing, Plaintiff's IFP application (DE 2) is granted; however, the

---

[4] Rule 10 of the Federal Rules of Civil Procedure provides, in relevant part:

> (a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; . . . .
>
> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .

FED. R. CIV. P. 10(a)-(b). *See Phillips v. Girdich*, 408 F.3d 124 (2d Cir. 2005) ("where the absence of numbering or succinct paragraphs does not interfere with one's ability to understand the claims or otherwise prejudice the adverse party, the pleading should be accepted").

10

complaint (DE 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Plaintiff is granted leave to file an amended complaint in accordance with this Memorandum and Order within thirty (30) days from the date at the bottom of this page.  Plaintiff is on notice that judgment shall enter and this case will be closed unless he timely files an amended complaint. The Clerk of the Court shall mail a copy of this Memorandum and Order to the *pro se* Plaintiff at his address of record and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ Gary R. Brown
**Gary R. Brown**
**United States District Judge**

Dated:  September 16, 2024
            Central Islip, New York

11