FILED
CLERK

1:11 pm, Oct 17, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEAN PAUL GAMARRA,

                Plaintiff,

     -against-

SUPERVISOR PAUL,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
24-CV-6167(GRB)(ST)

**GARY R. BROWN, United States District Judge:**

      Before the Court is the Amended Complaint timely filed by *pro se* plaintiff Jean Paul Gamarra ("Gamarra" or "Plaintiff") following the Court's Memorandum and Order ("M&O") dated September 16, 2024, that granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and dismissed his Complaint with leave to file an amended complaint in accordance with the guidance set forth in the M&O. (*See* Am. Compl., Docket Entry ("DE") 8; M&O, DE 5.) Upon review of the Amended Complaint, for the reasons that follow, the Court finds that Plaintiff has not properly invoked this Court's subject matter jurisdiction. Accordingly, the Amended Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

## BACKGROUND

**I.    Procedural History**

      The procedural history surrounding Plaintiff's prior criminal case, 21-CR-00556, was set forth in detail in the M&O and is incorporated here by reference. *See* M&O, DE 5 at 1-2. As is relevant here, Plaintiff had filed a three-page handwritten document entitled "Laymenterm Complaint" with an additional four pages of exhibits. Having granted Plaintiff's application to proceed IFP, the Court considered the sufficiency of the

Complaint.  Though difficult to comprehend, it appeared that Plaintiff sought to pursue a civil rights claim pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against the sole defendant, "Supervisor Paul".  (Compl., DE 1 at 1.)[1]  A *Bivens* claim requires that the plaintiff show the defendant's personal involvement in the alleged constitutional violation.  *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation.").  Further, the Supreme Court has expressly held that "a *Bivens* cause of action may not lie where, as here, national security is at issue." *Egbert v. Boule*, 596 U.S. 482, 494 (2022).

      The Court determined that "Plaintiff has not alleged a plausible *Bivens* claim. Indeed, although Plaintiff names "Supervisor Paul" as the sole defendant, he is not at all mentioned in the body of the complaint nor are there any allegations of conduct or inaction attributable to him.  (*See* Compl., DE 1 *in toto*.)"  (M&O, DE 5 at 5.)  Further, the Court explained that Plaintiff did not adequately allege the deprivation of some constitutional right.  (*Id.* at 6.)  Indeed, "[a]lthough Plaintiff include[d] "8th Amendment" in his complaint, his scant allegations make it impossible for the Court to analyze any such claim.  As the Supreme Court made clear, "[a] pleading that offers 'labels and

---

[1] Plaintiff wrote "Biven tort 362 § 540" which the Court understands to reference the Nature of Suit Codes on the JS 44 Civil Cover Sheet.  Indeed, Plaintiff has included that form as an exhibit to his Complaint and has checked the boxes for "362 Personal Injury-Medical Malpractice" and "540 Mandamus & Other".  (*See* DE 1 at 6.)

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)." (*Id.*) Further, the Court found that "Plaintiff's reference to 18 U.S.C. § 1518, which proscribes acts to obstruct the communication of certain information to criminal investigators of health care offenses, does not provide a basis to impose liability against the defendant. This criminal statute does not provide a private right of action." (*Id.* at 6-7) (citing *Garay v. United States Bancorp*, 303 F. Supp.2d 299, 303 (E.D.N.Y. 2004) (obstruction of justice is a criminal matter for which there is no private cause of action) (citations omitted); *Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (criminal statutes do not provide private causes of action)).

In dismissing the Complaint, in an abundance of caution, the Court granted leave for Plaintiff to file an amended complaint within thirty (30) days from the date of the M&O. (*Id*. at 9-10.) The M&O made clear that any amended complaint "shall include any and all claims against any defendant from whom Plaintiff seeks relief. Because an amended complaint completely replaces the original complaint, Plaintiff shall include the nature of the claims, facts in support thereof, and a demand for relief. To be clear, Plaintiff shall include conduct or inaction attributable to any individual so named as a defendant. Plaintiff would be well-advised to comply with the numbered paragraphs requirement embodied in Federal Rule of Civil Procedure 10(b) in any amended complaint." (*Id.* at 10.)

## II.     The Amended Complaint

On September 30, 2024, Plaintiff filed a fourteen-page, handwritten Amended Complaint without numbered paragraphs and an additional five pages of exhibits attached. (Am. Compl., DE 8.) Like the original Complaint, Plaintiff again names Supervisor Paul as the sole Defendant. The Amended Complaint is difficult to parse. For example, the Amended Complaint[2] begins:

Compliant Amended<br><u>Magestrate Arrbitration Settlement</u>

> Your Honor Plaintiff consent to a Speedy Trial Act Arbitration Based on the New Found Discovery.  Ineffective Assistance of Council Failed to Find admissible Evidence proving the Plaintiff was Never Paranoid, were in fact the Plaintiff was being illeagally undertaken to look paranoid while the Plaintiff was being "Robbed" (persay) of all his Intellectual Property, All His business venture, All His Internet Freedom of Communication is being "ForFeiture", frauding Imposed Malpractice of Fed. Crim. P. 32.2(a) [to Also Include Forfeiture of Plaintiff Power of Attorney]   [Evidence 1 Unretained]; to stay poor, to Human Traffick In forma Pauperis.  Your Honor, Plaintiff is requesting to Relieve as a Defendant Supervisor Paul based on Evidence [2] the Plaintiff was prosecuted at a Federal Level, Impersonating Government 115, Prosecuted From a DC Municipality called Superior Court Impersonating President Trump Government 115, Government 116.  Defendant Lack of Criminal Investigation Obstructed [Title 18 §1510] the Entitle Jurisdiction to be Accountable, to investigating Comitting a 3rd Degree crime Supra NY violating Title 18 § 2382 Treason.  The Appellate Attorney Counter Litigation is Criminal Mechanical impersonation of Federal Law Authority is obstructed from Defendant being able to Enforce the Law up to the Court, to give the Court Detective law Authority Jurisdiction, as well Procurement of Giving Honorable Private Chamber Judicial Attorney Commission Hindsight Jurisdiction, being the US Marshall Entitled Responsibility.  Defendant Counter Litigation is He Had No Criminal intent, with a Lack of Knowledge of How Crime's pursuant to Penal Code Reprisal violating Your Honor Private Chamber Jurisdiction Hindsight title 18 § 2382 Treason.  Defendant Counter Litigation is without intent.  Plaintiff Cross Litigate to Relieve Defendant from being a Defendant to Return to his Entitled obligation with a 6th Amendment Arrbitration Settlement Speedy trial Act treatetise Resolution.  The case Annotated close is the Probative value of the New Found Discovery Has

---

[2] Excerpts from the Amended Complaint have been reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

> Enough Just Cause out weighing the Entitled Responsibility of the Defendant, because the New Found Discovery prove's their was Enough criminal obstruction to Human traffick Impersonating Government 115, that Defendant Had No ability to Counter the Obstruction that outweighed committing Treason. If FDC was unable to preform the Entitled Jurisdiction in the Intrest of Justice, How was the Defendant Able to Preform His Entitle Responsibility. Defendant is Excluded. Arrbitratyion Settlement is Defendant Relieved from being a Defendant Classified Excluded. Weinstein's Federal Evidence Opinion on an Ultimate Issue § 704.03[2] Probabtive Value must outweigh Risk of Prejudice United States v Espinosa 827 F.2d 604, 612 (9th Circuit 1987) Annotated Madison Manuscript edition. Upon closure Relieving Defendant, the Plaintiff humbly Request to continue the case. The Plaintiff will press charge's to Prosecute a Class Action Law Suit. The Defendant will be Named "Superior Government." The Plaintiff to Protect His Identity is Requesting by Order of the Congressional Law statute Jurisdiction to change the Plaintiff Name to "Plaintiff Entitledment" vrse the "Superior Government" with a Class Action law Suit, Entitled based on New Found Discovery Evidence 1, 2. Annotated Judicial Attorney Jurisdiction is Classified Judge 2 Tort.

(Am. Compl., DE 8 at 1-4.) The Amended Complaint continues in this fashion for an additional ten pages. (*Id*., 5-14.) For relief, Plaintiff requests an "Order for the Plaintiff to be Given 'aderal' as medicine Court order Monday thru Friday only taken at sun up morning wake up." (*Id*. at 10.) Plaintiff also "needs the Court to order 'Quetiphine' at 200 order as needed, for the Plaintiff to have when needed." (*Id*. at 11.) Further, Plaintiff requests "to change the Plaintiff name from 'Gamarra' to 'Plaintiff Entitlement' because Plaintiff son share's the same Last Name . . . [and] Plaintiff concern is that His son can be Adversly Affected" and "to relieve 'Supervisor Paul' from being a Defendant, changing the Defendant name to 'Superior Government'." (*Id*. at 12.) Finally, Plaintiff "request[s] Fed. R. Civ. P. 8(c) Restitution" and that "the Court issue a Federal Retainer for any Lience Attorney to Retain the Entitled Jurisdiction the Court Entitled." (*Id*. at 13.)

### III.  Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 01 (2d Cir. 2000). A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (citing *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008)). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See* FED. R. CIV. P. 12(h)(3); *see also Lussier*, 211 F.3d at 701. This Court has an obligation to examine its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

Subject matter jurisdiction lies in this Court when a "federal question" is presented, 28 U.S.C. § 1331, or where there is a "diversity of citizenship" and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.  Under 28 U.S.C. § 1331, the district courts have jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (A case "arises under" federal law where federal law creates the plaintiff's cause of action, or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law.") (internal quotation marks and citation omitted). A claim invoking federal-question jurisdiction under 28 U.S.C. §

6

1331 may be dismissed for lack of subject-matter jurisdiction if it is not colorable, that is, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

Under 28 U.S.C. § 1332, "a plaintiff must first show that he and the defendants are citizens of different States. . . . The plaintiff must also allege to a 'reasonable probability' that his or her claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount." *Perry v. Robles*, 23-CV-7492(LTS), 2023 WL 6881993, at *2 (S.D.N.Y. Oct. 16, 2023) (citing *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)) (cleaned up) (additional citation omitted); *see also Emiabata v. Farmers Ins. Corp.*, 848 F. App'x 27, 29 (2d Cir. 2021) (summary order).

## DISCUSSION

### I. The Amended Complaint Does Not Properly Invoke this Court's Subject Matter Jurisdiction

Plaintiff's Amended Complaint does not allege a basis to invoke this Court's subject matter jurisdiction. (*See* Am. Compl. DE 8, *in toto*.) Affording the *pro se* pleading a liberal construction, the Court has considered whether subject matter jurisdiction lies in this Court under either Section 1331 or 1332. For the reasons that follow, the Court lacks subject matter jurisdiction under both statutes.

Addressing federal question jurisdiction pursuant to Section 1331 first, it appears that Plaintiff seek to invoke this Court's federal question subject matter jurisdiction by including various federal statutes (the "Speedy Trial Act" and several sections of Title 18 of the United States Code) and the Sixth Amendment, in his Amended Complaint. (*See* Am. Compl., DE 8 at 1-3, 5-6, 8-9.) However, he has not pled any colorable claims. Indeed, Plaintiff has not included

any facts in support of his claims and appears to include these federal statutes solely as a basis to invoke this Court's federal question subject matter jurisdiction. However, merely mentioning a federal law is insufficient to properly invoke federal question subject matter jurisdiction. *Clarkes v. Hughes*, No. 17-CV-00961(JMA)(AYS), 2018 WL 5634932, at *3 (E.D.N.Y. Oct. 30, 2018) (dismissing *pro se* complaint for lack of subject matter jurisdiction in the absence of "any facts in support of such [federal] claims and [Plaintiffs] appear to [have] include[d] these federal statutes solely as a basis to invoke this Court's federal question subject matter jurisdiction"). Moreover, Title 18 is the federal criminal code and, as this Court made clear in the M&O, "criminal statutes do not provide private causes of action." M&O, DE 5 at 7 (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Indeed, "[g]enerally, violations of criminal statutes may not serve as the basis for civil remedies unless the specific statute includes an express or implied private right of action." *Hills v. Liberty Mut. Ins.*, 14-CV-328S, 2015 WL 1243337, *3 (W.D.N.Y. Mar. 18, 2015) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). Thus, even affording the *pro se* Amended Complaint a liberal construction, the Court cannot discern a colorable federal claim. Accordingly, the Amended Complaint does not properly invoke subject matter jurisdiction pursuant to Section 1331.

Nor does Plaintiff properly invoke this Court's subject matter jurisdiction under Section 1332. To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and the defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *Emiabata*, 848 F. App'x at 29. This means that a plaintiff cannot be a citizen of the same state as the defendant. *Emiabata*, 848 F. App'x at 29 (citing *Pa. Pub. Sch. Emps.' Retirement Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014)) ("Section 1332 requires that

all plaintiffs must be citizens of states diverse from those of all defendants.") (internal quotation marks omitted). Here, Plaintiff has not alleged the state where he is a citizen nor has he included the state where the Defendant is a citizen. (*See* Am. Compl., DE 8, *in toto*.) Notably, Plaintiff has omitted a last name and an address for the Defendant as well. (*Id.*) "[I]t is well-established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 323 (2d Cir. 2001) (quoting *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)).

Nor has Plaintiff met the amount in controversy requirement. Plaintiff does not seek any monetary damages; rather, he seeks injunctive relief. (*See* Am. Compl., DE 8 at 10-13.) "In an action for injunctive or declaratory relief, the amount in controversy is to be 'calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested.'" *Speer v. Deutsche Bank Nat'l Tr. Co. as Tr. for HS1 Asset Securitization Corp. Tr. 2006 OPT4 Mortg. Pass Through Certificates Series 2006 OPT4*, No. 3:23-CV-01492, 2024 WL 340777, at *2 (D. Conn. Jan. 30, 2024) (quoting *Correspondent Servs. Corp. v. First Equities Corp.*, 442 F.3d 767, 769 (2d Cir. 2006) (emphasis added) (*add'l* citation omitted). That the value of the relief sought exceed the sum or value of $75,000 is dubious, the Court need not reach that question in the absence of diversity of citizenship. Thus, Plaintiff has not established this Court's subject matter jurisdiction lies under Section 1332.

Again, although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must

9

establish subject matter jurisdiction. Given the absence of subject matter jurisdiction, the Amended Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

## II. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin*, 861 F.2d at 42; *see also In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."). Here, Plaintiff has already been afforded an opportunity to amend his complaint. Given the substance of the Amended Complaint, further amendment would be futile. *Rahim v. Secretary, Establishment Div., Gov't of People's Republic of Bangl.*, 481 F. App'x 18, 19 (2d Cir. 2012) (affirming district court's dismissal of *pro se* plaintiff's complaint without leave to amend where complaint was dismissed for lack of subject matter jurisdiction). Accordingly, leave to further amend the complaint is denied.

## CONCLUSION

Based on the foregoing, the Amended Complaint is dismissed, without prejudice to refile in an appropriate forum, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Further, leave to further amend the complaint is denied. The Clerk of the Court shall enter judgment accordingly, mail a copy of this Memorandum and Order to the *pro se*

Plaintiff at his address of record, and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: Central Islip, New York
October 17, 2024

<u>/s/ Gary R. Brown</u>
GARY R. BROWN
United States District Judge
